**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiffs, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Luis Castillo and Saul Reyes Merced, on behalf of themselves and all other persons similarly situated,<br><br>        Plaintiffs,<br><br>        - vs. –<br><br>DCD Construction, LLC, Denis Portaev, Igor Akopov, and Evgeny Makarin,<br><br>        Defendants. | DOCKET NO. 19-CV-2689<br><br>**COMPLAINT** |

Plaintiffs Luis Castillo and Saul Reyes Merced, by and through their undersigned attorneys, for their complaint against DCD Construction, LLC, Denis Portaev, Igor Akopov, and Evgeny Makarin, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiffs Luis Castillo and Saul Reyes Merced allege on behalf of themselves and on behalf of other

similarly situated current and former employees of defendants DCD Construction, LLC, Denis Portaev, Igor Akopov, and Evgeny Makarin, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Plaintiffs further complain on behalf of themselves and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these violations; and (iii) compensation for defendants' violations of the Wage Theft Prevention Act.

## THE PARTIES

3.    Plaintiffs are adult individuals residing in Yonkers, New York.

4.   Mr. Castillo and Mr. Reyes Merced consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5.   Upon information and belief, defendant DCD Construction, LLC is a New York corporation with a place of business at 1209 Dekalb Avenue, Suite 207, Brooklyn, NY.

6.   At relevant times, defendant DCD Construction, LLC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7.   Upon information and belief, at all relevant times, DCD has had gross annual revenues in excess of $500,000.00.

8.   Upon information and belief, at all relevant times herein, DCD has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.   Upon information and belief, at all relevant times, defendant DCD has constituted an "enterprise" as defined in the FLSA.

10.  Upon information and belief, defendant Denis Portaev is an owner or part owner and principal of

defendant DCD, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.  Defendant Denis Portaev was involved in the day-to-day operations of defendant DCD and played an active role in managing the business.

12.  Upon information and belief, defendant Igor Akopov is an owner or part owner and principal of defendant DCD, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.  Defendant Igor Akopov was involved in the day-to-day operations of defendant DCD and played an active role in managing the business.

14.  Upon information and belief, defendant Evgeny Makarin is an owner or part owner and principal of defendant DCD, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15.  Defendant Evgeny Makarin was involved in the day-to-day operations of defendant DCD and played an active role in managing the business.

16.  For example, defendants Portaev and Akopov paid employees each week and provided overall supervision of their work at various construction sites, while defendant

Makarin directly hired plaintiffs and set their pay and schedules.

17. Defendants constituted "employers" of Mr. Castillo and Mr. Reyes Merced as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district and the underlying causes of action arose in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 207, Mr. Castillo and Mr. Reyes Merced seek to prosecute their FLSA claims as a collective action on behalf of themselves and a collective defined as follows:

> All persons who are or were employed by defendants in the United States as construction workers at any time since May 7, 2016, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime

compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

21. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Mr. Castillo and Mr. Reyes Merced seek to prosecute their New York Labor Law claims on behalf of themselves and a class defined as follows:

All persons who are or were employed by defendants in New York as construction workers at any time since May 7, 2013, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

22. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

23. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

24.  Mr. Castillo and Mr. Reyes Merced will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and have retained counsel who are experienced and competent in the fields of employment law and class action litigation.

25.  Plaintiffs' claims are typical of the claims of the putative Class and Collective Action Members, and they have no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

26.  Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

27.  Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

28.  Among the common questions of law and fact under the FLSA and New York wage and hour laws common to Mr.

Castillo, Mr. Reyes Merced, and other putative Class/Collective Action Members are the following:

a. Whether defendants failed and/or refused to pay Mr. Castillo, Mr. Reyes Merced, and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

b. Whether defendants failed and/or refused to pay Mr. Castillo, Mr. Reyes Merced, and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

c. Whether defendants failed and/or refused to provide Mr. Castillo, Mr. Reyes Merced, and the putative Class Members with the wage notices and the weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

d. Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

e. Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

29. Mr. Castillo and Mr. Reyes Merced know of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

30. The Collective Action Members are similarly situated to Mr. Castillo and Mr. Reyes Merced in that they were employed by DCD as non-exempt construction workers and laborers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

31. They are further similarly situated in that DCD had a policy and practice of knowingly and willfully refusing to pay them overtime.

32. Mr. Castillo, Mr. Reyes Merced, and the Collective Action Members and Class Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by DCD.

33. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

34.  At all relevant times herein, defendants owned and operated a construction company with headquarters in Manhattan but that was engaged in numerous construction projects in Brooklyn.

35.  Mr. Castillo and Mr. Reyes Merced each worked on at least four different construction projects in Brooklyn for defendants.

36.  Mr. Castillo and Mr. Reyes Merced were each employed as rebar workers.

37.  Mr. Castillo was employed from roughly July 2018 through April 2019.

38.  Mr. Reyes Merced has been employed by defendants since approximately July 2018.

39.  Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

40.  At all relevant times herein, Mr. Castillo and Mr. Reyes Merced were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

41.  Mr. Castillo and Mr. Reyes Merced were each told that their regular work schedules were Monday through

Friday, 7 a.m. to 3:30 p.m., with a half-hour daily lunch break. However, they always worked more hours than that.

42. Roughly four days per week each week of their employment, employees, including Mr. Castillo and Mr. Reyes Merced were required to work past the scheduled ends of their shifts, until 5:30 p.m.

43. In addition, employees were routinely asked to work Saturdays and/or Sundays, as well.

44. Approximately twice per month, Mr. Castillo also worked a roughly seven-hour shift on Saturdays, though Mr. Reyes Merced did not work weekends.

45. As a result, Mr. Castillo generally worked either 48 or 55 hours per week, while Mr. Reyes Merced generally worked 48 hours per week.

46. Mr. Castillo and Mr. Reyes Merced were paid on an hourly basis during their employment with defendants.

47. Mr. Castillo was paid $25 per hour.

48. Mr. Reyes Merced was paid $26 per hour.

49. Mr. Castillo and Mr. Reyes Merced were paid at these regular rates of pay for all their hours worked, regardless of the number of hours they worked in a week.

50. As a result, DCD failed to pay Mr. Castillo or Mr. Reyes Merced any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA,

the New York Labor Law, and the supporting New York State Department of Labor regulations.

51.  Defendants' failure to pay Mr. Castillo and Mr. Reyes Merced the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

52.  For example, Mr. Reyes Merced repeatedly asked defendant Akopov about being paid correctly and with appropriate documentation, and defendant Akopov would tell him, "Maybe next week."

53.  Mr. Castillo and Mr. Reyes Merced were paid weekly by check, although their checks were often provided late, or with insufficient funds in DCD's bank accounts for them to timely obtain the funds.

54.  Although Mr. Castillo and Mr. Reyes Merced were paid by check, the checks were business checks rather than payroll checks and were not accompanied by paystubs or wage statements that provided the information required by New York law, such as regular and overtime hours worked and regular and overtime pay.

55.  Defendants' failure to provide plaintiffs with weekly records of their compensation and hours worked was a violation of the Wage Theft Prevention Act.

56.  Defendants failed to provide plaintiffs with written notices in their native language of Spanish

providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, plaintiffs' regular and overtime rates, and intended allowances claimed, in violation of the Wage Theft Prevention Act.

57. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, defendants have likewise employed other individuals like Mr. Castillo and Mr. Reyes Merced (the Class and Collective Action Members) in positions at defendants' construction company that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

58. Upon information and belief, these other individuals have also worked in excess of forty hours per week, yet DCD has likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

59. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

60. Upon information and belief, while defendants employed plaintiffs and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

61. Upon information and belief, while defendants employed plaintiffs and through all relevant time periods, defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

62. Mr. Castillo and Mr. Reyes Merced, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

63. At all relevant times, defendants employed Mr. Castillo, Mr. Reyes Merced, and each of the Collective Action Members within the meaning of the FLSA.

64. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

65.  As a result of defendants' willful failure to compensate their employees, including Mr. Castillo, Mr. Reyes Merced, and the Collective Action Members, at a rate at least one-and-one-half times their regular rates of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

66.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

67.  Due to defendants' FLSA violations, Mr. Castillo, Mr. Reyes Merced, and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II

### (New York Labor Law - Overtime)

68.  Mr. Castillo and Mr. Reyes Merced, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, Mr. Castillo, Mr. Reyes Merced, and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70. Defendants willfully violated the rights of Mr. Castillo, Mr. Reyes Merced, and the members of the Class by failing to pay them full overtime compensation at rates at least one-and-one-half times their regular rates of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 142.

71. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

72. Due to defendants' New York Labor Law violations, Mr. Castillo, Mr. Reyes Merced, and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law — Wage Theft Prevention Act)

73.  Mr. Castillo and Mr. Reyes Merced, on behalf of themselves and the members of the Class, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

74.  At all relevant times, Mr. Castillo, Mr. Reyes Merced, and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75.  Defendants willfully violated the rights of Mr. Castillo, Mr. Reyes Merced, and the members of the Class by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

76.  Defendants willfully violated the rights of Mr. Castillo, Mr. Reyes Merced, and the members of the Class by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

77.  Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, Mr. Castillo, Mr. Reyes Merced, and the members of the Class are entitled to recover from the defendants statutory

damages of $250 per day during their employment, up to the maximum statutory damages.

78.  Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Castillo, Mr. Reyes Merced, and the members of the Class are entitled to recover from the defendants statutory damages of $50 per day throughout their employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Castillo and Mr. Reyes Merced, on behalf of themselves and the members of the collective and class actions, respectfully request that this Court grant the following relief:

a.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Mr. Castillo, Mr. Reyes Merced, and their counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them

of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and their counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g.  Liquidated damages for defendants' New York Labor Law violations;

h.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i.  Back pay;

j.  Punitive damages;

k.  An award of prejudgment and postjudgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other, further, and different relief as this Court deems just and proper.

Dated:   May 7, 2019

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs,
Individually and on behalf of
others similarly situated

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of DCD Construction and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct. I consent to the representative plaintiffs in this matter acting as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de DCD Construction y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta. Doy mi consentimiento para que los demandantes representativos en este asunto actúen como mis agentes para tomar decisiones en mi nombre con respecto al litigio, el método y la manera de llevar a cabo este litigio y todos los demás asuntos relacionados con este juicio. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.


_____
Luis Castillo

Date:  May 2, 2019

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of DCD Construction and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct. I consent to the representative plaintiffs in this matter acting as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation and all other matters pertaining to this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de DCD Construction y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta. Doy mi consentimiento para que los demandantes representativos en este asunto actúen como mis agentes para tomar decisiones en mi nombre con respecto al litigio, el método y la manera de llevar a cabo este litigio y todos los demás asuntos relacionados con este juicio. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Saul Reyes Merced


Date: May 6, 2019